United States District Court
Southern District of Texas
**ENTERED**
February 27, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK BADALL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-325 |
| | § | |
| LORI DAVIS, *et al*, | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

Petitioner Frank Badall is an inmate in the custody of the Texas Department of Criminal Justice. He filed a petition for a writ of habeas corpus challenging the results of a prison disciplinary hearing resulting in the forfeiture of 45 days of accrued good time credit, a reduction in time earning class, and other penalties. He does not challenge his conviction or sentence.

This case is before the Court on Badall's petition, respondent's motion for summary judgment, and Badall's response. Having carefully considered the petition, the motion, the response, all the arguments and authorities submitted by the parties, and the entire record, the Court is of the opinion that respondent's motion should be granted and Badall's petition should be dismissed.

**I.**     **Background**

Badall's petition concerns forfeiture of accumulated time credits, reduction in time earning status, and loss of privileges. He does not challenge his conviction or sentence. Therefore, no discussion of the facts of his crime and trial is necessary.

On June 29, 2016, Badall was found guilty of the disciplinary offense of possessing tobacco. Badall filed Step One and Step Two Grievances appealing the result of the disciplinary hearing. The grievances were denied.

## II. Analysis

Badall contends that he was denied due process because, he claims, there was no evidence to connect him to the contraband tobacco found by prison authorities.

### A. Standard of Review

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate if there is no genuine issue as to any material fact and judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. Non-Cognizable Claims

Badall's claims concerning all penalties imposed other than loss of good time credit are not cognizable in habeas corpus. "If 'a favorable determination . . . would not automatically entitle [the prisoner] to accelerated release,' *Orellana v. Kyle,* 65 F.3d 29, 31 (5th Cir.1995) (per curiam), the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820©21 (5th Cir. 1997).

While Badall's reduction in time earning status could possibly have an impact on his eligibility for release to mandatory supervision, any potential impact is too speculative to warrant habeas corpus relief. "[T]he timing of [petitioner]'s release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status . . . .. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). The penalties, such as recreation restriction, that have no bearing on Badall's release date clearly do not "automatically entitle [the prisoner] to accelerated release." Therefore, these claims are not cognizable.

C. **Sufficiency of the Evidence**

Badall argues that the evidence was insufficient to support the finding that he was guilty of the disciplinary violation because, he contends, there was no evidence connecting him to the tobacco found in his work area. "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary [hearing officer.]

*Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445 (1985).

The officer who charged Badall stated that he searched Badall's personal property and found that Badall had a Bible with most of the pages torn out. The Officer stated that this is a sign of tobacco use, presumably because tobacco and/or smoking paraphernalia can be hidden in the hollowed out book. This discovery prompted the Officer to interview Badall. Badall admitted using tobacco, but denied knowing the current location of any tobacco. The Officer

then searched near the prison fuel pumps, where Badall was assigned to work, and found 2.6 ounces of loose tobacco, a lighter, and approximately 50 rolling papers. Disciplinary Hearing Records (Doc. # 17-2).

Badall argues that nothing connects him to the contraband, and cites *Broussard* for the proposition that "[t]he 'SOME EVIDENCE' standard does not require that credence be given to that evidence which common sense and experience suggest is incredible or blatantly implausible." Petitioner's Memorandum of Law (Doc. # 2) at 6.

As Badall acknowledges, in *Broussard*, the petitioner was one of approximately 100 inmates with access to the area where contraband was found. The only evidence connecting Broussard to the contraband was an unreliable confidential informant statement. In contrast to *Broussard*, Badall was one of only two inmates with access to the fuel pumps. The Officer also testified that he investigated and found no reason to believe the contraband was connected to the other inmate. Disciplinary Hearing Audio. In addition, as noted above, the Officer found evidence of tobacco use in Badall's personal property, and Badall admitted using tobacco. This was "some evidence" supporting the finding. Thus, the evidence was sufficient to satisfy due process.

### III. Conclusion

For the foregoing reasons, Respondent's motion for summary judgment is granted, and Badall's petition is dismissed with prejudice.

### IV. Certificate of Appealability

Badall has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to

deny COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does."). "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone." *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . . the district court denies a habeas petition on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Badall's petition. The Court finds that reasonable jurists would not find it debatable that Badall's' claims are foreclosed by clear, binding precedent. Badall thus fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court therefore concludes that Badall is not entitled to a certificate of appealability

## V. Order

For the foregoing reasons, it is ORDERED as follows:

1. Respondent Lorie Davis' motion for summary judgment (Doc. # 16) is GRANTED;

2. Petitioner Frank Badall's Petition for Writ of Habeas Corpus (Doc. # 1 is DISMISSED; and

3. No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

It is so ORDERED.

SIGNED on this 27th day of February, 2018.

_____
Kenneth M. Hoyt
United States District Judge